MACEDONIA CHURCH,
et al., Plaintiffs,

v.

LANCASTER HOTEL LIMITED PARTNERSHIP, Masspa Realty Corporation, and Fine Hotels Corp., Defendants.

No. CIV.3:05CV00153(AWT).

United States District Court,
D. Connecticut.

March 30, 2006.

David M. Cohen, Eric M. Higgins, Mary–Kate Smith, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT, for Plaintiffs.

Gerald L. Maatman, Jr., Michael Cox, Seyfarth, Shaw, Chicago, IL, Katherine E. Perrelli, Seyfarth Shaw, Boston, MA, for Defendants.

### RULING ON MOTION TO TRANSFER VENUE

THOMPSON, District Judge.

The defendants have moved, pursuant to 28 U.S.C. § 1404(a), to transfer venue to the United States District Court for the Eastern District of Pennsylvania. After a review of the pertinent factors, the court concludes that a transfer of venue is not appropriate, and thus, the defendants' motion is being denied.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a) (West 1993 & Supp.2005). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)).

Generally, to determine whether transfer of venue is appropriate, the court should consider:

(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel attendance of unwilling wit-

nesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Eskofot [A/S v. E.I. Du Pont De Nemours & Co.,* 872 F.Supp. 81,] 95 [ (S.D.N.Y.1995) ]. The moving party bears the burden of establishing that there should be a change of venue. *See Filmline (Cross–Country) Productions, Inc. v. United Artists Corp.,* 865 F.2d 513, 521 (2d Cir.1989).

*United States Surgical Corp. v. Imagyn Med. Techs., Inc.,* 25 F.Supp.2d 40, 46 (D.Conn.1998).

■ A plaintiff's choice of forum is "presumptively entitled to substantial deference." *Gross v. British Broadcasting Corp.,* 386 F.3d 224, 230 (2d Cir.2004) (citation omitted); *see also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). However, the "deference accorded to plaintiff's choice of forum [ ] is diminished substantially where the forum is neither plaintiff's home district nor the place where the events or transactions underlying the action occurred." *Eskofot A/S v. E.I. Du Pont De Nemours & Co.,* 872 F.Supp. 81, 96 (S.D.N.Y.1995).

■ As to the first factor, the convenience of witnesses who are not the parties, it concerns the court that the defendants represented in their memorandum in support of the instant motion that "to the best of Defendants' knowledge, all of the key non-party witnesses, including Bonnie Skagen, continue to reside in the Lancaster, Pennsylvania area," (Defs.' Mem. in Supp. (Doc. No. 13) at 2), notwithstanding the fact that the allegations of the complaint made it clear that Judith Addington and Christophe Nonirit are clearly not parties, are clearly key witnesses, and both lived in Connecticut as of the time the complaint was filed. Nevertheless, the court concludes that, based on the current situation, this factor does not favor either party. Addington now resides in the Washington, D.C. area, but although Washington is closer to Philadelphia than it is to Hartford, it is not apparent that it would be more convenient for Addington to be in Philadelphia than to be in Hartford. Philadelphia would clearly be more convenient for Skagen, and Hartford would clearly be more convenient for Nonirit. The defendants argue that Skagen is the "central" non-party witness, pointing to the number of times she is mentioned in the allegations in the complaint. However, even if one ignores the fact that she was, at the time of the events that form the basis for this action, the defendants' manager and thus not a typical non-party witness, it is not clear that her testimony is significantly more important to the defendants' case than Nonirit's testimony is to the plaintiffs' case. So while she may be "central" she is not necessarily more important to the finder of fact.

As to the second factor, the location of relevant documents and the relative ease of access to sources of proof, the court concludes that this factor weighs slightly in favor of the defendants. The defendants argue that records maintained at the Lancaster Host Resort are not in their custody or control and that such records contain extensive reservation and booking information which will show that the defendants provided lodging accommodations to numerous groups of African–Americans in the months and years immediately prior to the events at issue here. The defendants state that they have secured voluntary cooperation from non-parties to produce some but not all of the information they seek. They also state that they have

been unable to secure either voluntary or involuntary access to "select LHR computer databases containing a wealth of data regarding booking and reservations relevant to this matter." (Defs' Resp. in Opp'n to Plfs' Supplemental Mem. in Opp'n (Doc. No. 81) at 3.) However, the defendants do not point out exactly how a transfer would improve their ability to gain access to data they have been unable to access so far. In addition, there is no significant additional inconvenience in transporting documents or computer data bases from Lancaster to Hartford, as opposed to Philadelphia, for the reasons set forth by the plaintiffs in their opposition.

The third factor is the convenience of the parties. This factor weighs heavily in favor of the plaintiffs. While all the plaintiffs are located in Connecticut, the defendants are located in Wellesley, Massachusetts.

The fourth factor is the locus of operative facts, and the court concludes that this factor does not favor either party. Although the hotel at which the plaintiffs were seeking lodging accommodations is located in Lancaster, Pennsylvania, and four of the plaintiffs traveled to Lancaster looking for accommodations for the church group, the proposals for reservations for the group were received by the plaintiffs in Connecticut, and the activities engaged in by Addington and Nonirit, which are significant operative facts, also occurred in Connecticut.

The fifth factor is the availability of process to compel attendance of unwilling witnesses, and the court concludes this factor weighs slightly in favor of the defendants. The court notes that but for the fact that Addington has moved to the Washington, D.C. area, the court would conclude that this factor weighs slightly in favor of the plaintiffs. Because Addington now lives in the Washington, D.C. area, process is not available to compel her attendance, if she is an unwilling witness, in either district.[1] However, in comparing the hardship on the plaintiffs of not being able to compel, if necessary, the attendance of Nonirit, to the hardship on the defendants of not being able to compel, if necessary, the attendance of Skagen, the court concludes that the hardship on the defendants would be slightly greater by virtue of the significance of the witnesses to the parties' respective cases.

The sixth factor is the relative means of the parties. The defendants do not address this factor in their papers, but based on the record to date, the court concludes that this factor weighs heavily in favor of the plaintiffs.

The seventh factor is a forum's familiarity with the governing law. The court concludes that because this is a case brought under federal law, this factor does not favor either side.

The eighth factor is the weight accorded to the plaintiffs' choice of forum, and the court concludes that this factor weighs heavily in favor of the plaintiffs. As noted above, the plaintiffs' choice of forum is presumptively entitled to substantial deference unless the forum is neither the plaintiffs' home district nor the place where the events and transactions underlying the action occurred. Here, the forum is the plaintiffs' home district, and a significant portion of the events underlying the action occurred in each of Connecticut and Pennsylvania. Most travelers make

---

1. If the situation were one where service was unavailable to compel attendance of both Addington and Nonirit, the court's analysis is that that situation would be a greater hardship on the plaintiffs, because of the importance of their testimony to the plaintiffs' case, than would be the hardship on the defendants of being unable to compel attendance of Skagen.

reservations for lodging accommodations from the state where they reside; that fact was reflected in this case, where the defendants mailed proposals for room reservations to the plaintiffs in Connecticut and spoke by telephone to the plaintiffs and/or their representatives in Connecticut on numerous occasions and, of great significance, also spoke to Addington and Nonirit in Connecticut.

The ninth factor is trial efficiency and the interests of justice. Trial efficiency does not favor either party. As to the interests of justice, the court finds the defendants' arguments unpersuasive. The defendants argue that the plaintiffs "opted" to exhaust their administrative remedies by filing an administrative charge with the Pennsylvania Human Relations Commission. However, it appears the plaintiffs were required, pursuant to 42 U.S.C. § 2000a–3(c), to file a complaint with the Commission more than 30 days prior to filing this action as a prerequisite to filing this action. Thus, the court finds unpersuasive the defendants' contention that the plaintiffs unfairly used the resources of Pennsylvania taxpayers only to later file a federal lawsuit in a jurisdiction where Pennsylvania taxpayers have no opportunity to adjudicate the matter. The court notes that the Commission has had no continuing activity in this case pursuant to a request from counsel for the defendants, and also notes that the court finds this argument particularly unpersuasive in light of the contents of the December 21, 2004 letter from counsel for the defendants to the Pennsylvania Human Relations Commission. (*See* Plfs' Mem. in Opp'n (Doc No. 17), Ex. A.)

The court also finds unpersuasive the defendants' contention that the citizens of Connecticut have no interest in adjudicating whether the alleged discrimination occurred. The plaintiffs properly argue that the fact that the Lancaster Host Resort routinely solicits for business in Connecticut is a factor in support of their argument that it is in the interests of justice to have the action remain in this district; the defendants improperly seek to characterize this as an argument relevant only to the issue of personal jurisdiction. While it is true that residents of Pennsylvania have an interest in determining whether discrimination occurred in their community, as noted above, Connecticut citizens seek lodging accommodations outside the State of Connecticut, and they have a great interest in determining whether Connecticut citizens are being subjected to discrimination in violation of Title II of the Civil Rights Act of 1964. Thus this factor weighs slightly in favor of the plaintiffs.

As noted above, the defendants bear a heavy burden on this motion. They have failed to meet that burden. Three of the pertinent factors do not favor either side. Of the remaining six factors, only two weigh in favor of the defendants, and do so only slightly. Of the remaining four factors, one is the plaintiffs' choice of forum, which is entitled to substantial deference, and the other three factors weigh (two of them heavily) in favor of the plaintiffs.

Accordingly, for the reasons set forth above, the Defendants' Motion to Transfer Venue (Doc. No. 13), is hereby DENIED.

It is so ordered.